1   ANDREA M. MILLER [SBN: 88992]
2   **NAGELEY, MEREDITH & MILLER, INC.**
3   8001 Folsom Boulevard, Suite 100
    Sacramento, CA  95826
    Telephone: (916) 386-8282
4   Facsimile:   (916) 386-8952

5

6   Attorneys for Plaintiffs BRENT H. BEEBE AND MARSHA A. BEEBE

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  BRENT H. BEEBE and MARSHA A.          )   **Case No.:  CIV-S-98-2412DFL/PAN**
12  BEEBE,                                )
                                          )   **STIPULATION FOR AN ORDER**
13            Plaintiff,                  )   **PURSUANT TO FEDERAL RULE OF**
                                          )   **CIVIL PROCEDURE 54(b)**
14       vs.                              )
                                          )
15  CHARLES KELSON, et al.,               )
                                          )
16            Defendant.                  )
    _____)

17        On September 13, 2001, after hearing defendants' Motion for Summary Judgment,

18  this court issued its Order granting in part defendants Motion for Summary Judgment on

19  the claims brought by plaintiffs in this matter against Charles Kelson, et al.  Those claims

20  include the following:

21

22       1.  That defendant Kelson deprived plaintiff's of their Fourth Amendment rights in

23           violation of 42 U.S.C. § 1983 by including false and misleading statements in

24           his affidavit in support of the application to search Bayou Seafood.

25       2.  That defendants Kelson, Ward, Flood, Young, Richards, and Fawrup deprived

26           plaintiffs of their Fourth Amendment rights in violation of 42 U.S.C. § 1983 by

27           exceeding the scope of the search warrant during the search implicated in the

28           complaint.

Stipulation                          - 1 -

3. That defendants Kelson, Ward, Flood, Young, Richards, and Fawrup caused plaintiffs to be falsely arrested and falsely imprisoned in violation of the Fourth Amendment by applying for a warrant and engaging in a series of acts that led to their arrest without probable cause.

4. That Alden's press release of July 1994, which stated that the plaintiffs had been arrested and had agreed to the conspiracy for which they had been charged, denied them due process of law under the Fourth Amendment in violation of 42 U.S.C. § 1983 and violated state libel law.  Plaintiffs claim both Alden and Kelson are liable.

5. That defendant Alden unlawfully disclosed private information about plaintiff Brent Beebe to the Galt police in violation of sections 11076 and 11105 of the California Penal Code, section 432.7 of the California Labor Code, and Article I, Section 1 of the California Constitution.

6. That defendants Kelson and Alden conspired to deprive plaintiffs of their federal civil rights in violation of 42 U.S.C. §§ 1983, 1985(3), and their civil rights guaranteed by the California Constitution by withholding exculpatory evidence from the grand jury.

7. That defendants' violations of their federal constitutional rights also give rise to state law causes of action for invasion of plaintiffs' right to privacy under the California Constitution, and intentional and negligent infliction of emotional distress.

The result of that Order after a hearing on defendants' Motion for Summary Judgment was that defendants Charles Kelson, Jack Richards and Mary Elizabeth Alden were dismissed from the action entirely, and plaintiffs' claims under 42 U.S.C. § 1983 were

foreclosed with the exception of that claim identified as (2), <u>supra</u>, regarding exceeding the scope of a search warrant as against defendants Ward, Flood, Young and Fawrup.

Subsequent to that ruling the parties have met and conferred on several occasions and have participated in a settlement conference conducted by Magistrate Judge John Moulds.   No settlement was reached, but the parties met and conferred and determined that the most efficient, both for the court and the litigants, and effective way to proceed in this case is to request that the Court direct that a final Judgment be entered with regard to Charles Kelson,.Jack Richards and Mary Elizabeth Alden on the aforementioned claims pursuant to the terms of Rule 54(b) of the Federal Rules of Civil Procedure.  This action will allow the plaintiffs to appeal this court's rulings that resolved the majority of the claims in this case and, if that appeal is successful, to try this case in a single unified proceeding.

In the absence of such an Order, the parties will be required to try the remaining issue with regard to claim (2), then to appeal the rulings on the other claims and, if the appeal is successful, to try those issues in a second trial arising out of the same basic nucleus of operative facts and circumstances.

The parties further request that no further action be ordered in this case until the foreclosed claims can be appealed to the Ninth Circuit Court of Appeals thereby assuring that there shall be only one trial of the subject matter involved in this case, rather than one trial now, and potentially another after appeal.

DATED:  July 28, 2005                                NAGELEY, MEREDITH & MILLER, INC.


By: _____/s/_____
                 ANDREA M. MILLER
              Atorneys for Plaintiffs BRENT H.
              BEEBE AND MARSHA A. BEEBE

1    DATED:  July 28, 2005                              STATE OF CALIFORNIA
                                                        Department of Justice
2

3

4                                                       By_____/s/_____
                                                                ROBERT L. COLLINS,
5                                                               Deputy Attorney General
                                                                For BILL LOCKYER
6                                                                  Attorney General

7    ///

8    ///

9    ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

     Stipulation                          - 4 -

## ORDER

The court, having read the foregoing stipulation of counsel and being fully apprised of the facts and circumstances of this case, hereby orders that Final Judgment shall be entered on the matters decided by this court's Memorandum of Opinion and Order granting Summary Adjudication, dated March 28, 2002, and this court's Memorandum of Opinion and Order denying plaintiffs' motion for reconsideration, dated April 9, 2002, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Entry of judgment for defendants Kelson, Alden, and Richards at this stage of the proceedings will aid in the efficient resolution of this action insofar as the claims that will be finally adjudicated by the Order were separate, distinct, and independent of any of the other claims involved and immediate review by the appellate court will not be mooted by any future developments in this case.  Neither will the Order produce any possibility that the appellate court will have to decide the same issues more than once even if there are subsequent appeals in the case.  Neither is there any just reason to delay the parties' access to appeal on the issues adjudicated.

All other aspects of this case shall be stayed pending resolution of an appeal to be filed by plaintiffs no later than 30 days from the entry of judgment.

IT IS SO ORDERED.

DATED:        August 10, 2005


/S/    David F. Levi
UNITED STATES DISTRICT COURT JUDGE